UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATHERINE LUNDY,

                              Plaintiff,

                                                                                    <u>DECISION AND ORDER</u>

                                                                                    06-CV-6280L

                 v.

TOWN OF BRIGHTON,
THOMAS VOELKL, Chief of Police,
in his Individual and Official Capacities,

                              Defendants.
_____

       On June 9, 2006, plaintiff Catherine Lundy ("Lundy") initiated the instant action against the Town of Brighton and Chief of Police Thomas Voelkl (collectively "defendants"). Lundy, a former Town of Brighton police officer, alleges that she did not receive full benefits, including holiday and vacation time, during a disability leave she took as result of an on-the-job injury. Lundy claims that these benefits were discriminatorily denied to her on the basis of her gender, and in violation of federal law. Lundy later filed a discrimination charge with the New York State Division of Human Rights ("NYSDHR") relating to her disability leave.

       Thereafter, Lundy claims that defendants subjected her to unfavorable job assignments and denied her sick time and/or disability leave in connection with a second leave of absence. As a result of these actions and others, Lundy contends that defendants ultimately compelled her to file for

disability retirement, and negligently or intentionally made errors in her paperwork which caused her disability retirement benefit to be reduced by $750.00 a month. Lundy subsequently filed a second administrative charge with the Equal Employment Opportunity Commission ("EEOC").

This action followed. Plaintiff's Complaint alleges seven causes of action against the defendants: (1) unconstitutional retaliation in violation of her First Amendment rights pursuant to 42 U.S.C. §1983; (2) sex discrimination in violation of the Equal Protection clause of the Fourteenth Amendment, pursuant to 42 U.S.C. §1983; (3) unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), arising out of plaintiff's reassignment, denial of sick time and compelled retirement; (4) unlawful retaliation in violation of the N.Y. Exec. Law §§290 et seq. ("N.Y. Human Rights Law"); (5) violation of the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA"), arising out of defendants' alleged failure to offer plaintiff FMLA leave; (6) violation of the FMLA arising out of defendants' alleged retaliation against plaintiff for requesting leave; and (7) failure to accommodate plaintiff's known disabilities, in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA").

Defendant now moves to dismiss Lundy's Section 1983 claims against the Town of Brighton, her Title VII and ADA claims against Chief Voelkl, and her FMLA claims against both defendants, pursuant to Fed. R. Civ. Proc. 12(b)(6). Defendant also requests, pursuant to Fed. R. Civ. Proc. 12(f), that paragraphs 11-35 of the Complaint be stricken as containing irrelevant, salacious material. For the following reasons, defendant's motion to strike is denied, and defendant's motion to dismiss is granted.

**DISCUSSION**

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). The Court notes that the traditional Rule 12(b)(6) test, which permitted dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," has been rejected recently by the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S. Ct. 1955 (2007), which conclusively retired the "no set of facts" test and held that "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted). *See e.g.*, *Transhorn, Ltd. v. United Technologies Corp.*, 2007 U.S. App. LEXIS 21086 at *6 n. 3 (2d Cir. 2007) (concluding that *Bell Atlantic Corp.*'s holding, which addressed an antitrust claim, is not limited to that context and "affects pleading standards somewhat more broadly"); *Ashcroft v. Dept. of Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Bell Atlantic Corp.* standard).

**I.     Lundy's First and Second Causes of Action: Section 1983 Claims Alleging Violation of Lundy's First and Fourteenth Amendment Rights, As Against the Town**

In order to maintain a claim under Section 1983, plaintiff must show that defendants violated her Constitutional or federal statutory rights, and did so while acting under color of state law. *See*

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981). A municipality's liability under Section 1983 is limited, however, to "acts which the municipality has officially sanctioned or ordered. *City of St. Louis v. Prapotnik*, 485 U.S. 112, 123 (1988). As such, "the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in *that area* of the [Town's] business." *Id*. *See City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) (City employee's allegations that his supervisors retaliated against him for filing a grievance by transferring him and eventually laying him off are insufficient to allege a Section 1983 cause of action, because employee failed to allege that anyone in city government promulgated, or even articulated, any unconstitutional municipal policy).

"A municipal policy may be inferred from the informal acts or omissions of supervisory officials. 'Municipal inaction such as the persistent failure to discipline subordinates who violate civil rights could give rise to an inference of an unlawful municipal policy of ratification of unconstitutional conduct.'" *Poulson v. City of North Tonawanda*, 811 F. Supp. 884, 896 (W.D.N.Y. 1993), *quoting Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). In order for such an inference to arise, an official's acts or omissions must be serious enough to suggest "deliberate indifference" to the plaintiff's constitutional rights: "mere lack of responsiveness, failure to supervise employees, or nonfeasance has been held insufficient to establish a causal link between a municipal custom or practice and a constitutional violation." *Poulson*, 811 F. Supp. at 896, *citing Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

Initially, Lundy has not alleged that Chief Voelkl is responsible under state law for setting the Town's policies with respect to the issues described in her Section 1983 claims, including

discrimination complaints, personnel disputes, FMLA compliance, or disability retirement applications. Furthermore, Lundy has not specifically identified the allegedly unconstitutional municipal policies, nor has she specified facts indicating that any Town actor promulgated, articulated or applied such policies. Instead, Lundy claims that Chief Voelkl's alleged pattern of knowing indifference to her complaints of sexual harassment creates an "inference" that such an unconstitutional policy existed and may be properly imputed to the Town.

A careful review of the First Amended Complaint, however, yields no allegations to support a conclusion that Chief Voelkl acted with deliberate indifference to Lundy's complaints of discrimination in violation of her First or Fourteenth Amendment rights. Although the Complaint vaguely alleges that Lundy complained to Voelkl about sex discrimination within the Town of Brighton Police Department, Lundy does not specify the timing, substance or circumstances of the alleged complaints. Lundy goes on to allege that at some point after one or more of her complaints, Voelkl assigned her to perform tasks and training that she did not desire, failed to inform her of her alleged right to FMLA leave when she sought two days of sick time in September 2004, and made errors on her disability retirement paperwork. Significantly, Lundy does not allege that Voelkl failed to investigate her complaints, or to discipline officers who engaged in harassing behavior. At most, even if Lundy had sufficiently alleged that Voelkl was a municipal policymaker, her allegations concerning his conduct describe nothing more than "mere lack of responsiveness" and "nonfeasance" with respect to her complaints of harassment, and thus are insufficient to state, with the specificity

required by *Bell Atlantic Corp.*, a claim for violation of Lundy's First or Fourteenth Amendment rights via an inferred municipal policy.[1] *Bell Atlantic Corp.*, 127 S. Ct. 1955.[2]

Accordingly, Lundy has failed to state a claim for violation of her First or Fourteenth Amendment Constitutional rights against the Town, and her first and second causes of action are dismissed as against the Town.

### II. Lundy's Third and Seventh Causes of Action: Retaliation in Violation of Title VII and the ADA Against Chief Voelkl

Defendants argue, and Lundy concedes, that Lundy's third and seventh causes of action cannot be maintained against Chief Voelkl, as it is well settled that an individual defendant may not be held personally liable under those statutes. *See e.g., Tomka v. Seiler*, 66 F.3d 1295, 1313 (2d Cir. 1995) (no individual liability under Title VII); *Cerrato v. Durham*, 941 F. Supp. 388, 395 (S.D.N.Y. 1996) (no individual liability under ADA). As such, Lundy's third and seventh causes of action are dismissed as against individual defendant Voelkl.

### III. Lundy's Fifth Cause of Action: FMLA Violation

---

[1] Although Lundy broadly alleges that Voelkl was aware of and/or participated in alleged harassment against her, the Complaint provides no facts specifying the manner, scope, or timing of Voelkl's alleged involvement.

[2] Defendants argue that Lundy has failed to state a claim under Section 1983 against the Town for "disparate treatment" in violation of Lundy's Fourteenth Amendment constitutional rights. Lundy, however, characterizes her Equal Protection Clause claim as a straightforward sex-based discrimination and retaliation claim not involving any allegation of disparate treatment, and thus the Court will consider it as such.

Lundy alleges that defendants violated the Family and Medical Leave Act ("FMLA") when they "failed to offer" her FMLA leave, in violation of 29 U.S.C. §2614.

The FMLA entitles eligible employees to take a total of twelve workweeks of leave for a "serious health condition that makes the employee unable to perform the functions of [her] position." 29 U.S.C. §§2612(a)(1)(D), 2612(b). "Serious health condition" is defined as an "illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital . . . or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Here, the question is whether Lundy has sufficiently alleged an illness or mental condition that required "continuing treatment by a health care provider." That phrase is defined, in pertinent part, as follows:

> Continuing treatment by a health care provider.
>
> A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:
>
> (i) A period of incapacity (i.e., inability to work, attend school ... due to the serious health condition ...) of *more than three consecutive calendar days*, and any subsequent treatment or period of incapacity relating to the same condition...
>
> (iii) Any period of incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which: (A) Requires periodic visits for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider; (B) Continues over an extended period of time (including recurring episodes of a single underlying condition); and (C) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.)

29 C.F.R. § 825.114(a).

In order to state a *prima facie* claim for denial of FMLA rights, Lundy must demonstrate that: (1) she was an eligible employee under the FMLA; (2) defendants are an employer under the FMLA; (3) Lundy was entitled to leave under the FMLA; (4) Lundy gave notice to defendant of her intention

to take leave; and (5) Lundy was denied benefits to which she was entitled under the FMLA. *See Brown v. Pension Boards*, 488 F. Supp. 2d 395, 408 (S.D.N.Y. 2007).

Lundy alleges that defendants violated her right to FMLA leave on September 14, 2004, when she was "compelled" to use vacation time, rather than sick time, to cover an absence allegedly caused by a psychological impairment. The crux of Lundy's claim is that Voelkl's interpretation of notes from Lundy's psychologist and her primary care physician, both of which stated that she should not be required to attend the Instructor Development Training ("IDS") to which she had been assigned, or engage in public speaking, should have justified Lundy's absence from work altogether.

Lundy's allegations do not support a conclusion that she was entitled to FMLA leave. First, Lundy's First Amended Complaint appears to allege an absence from work of only *two days* for a condition that is not alleged to be chronic or recurring. Dkt. #2, ¶¶ 51-54. As such, Lundy has failed to allege a "serious health condition" sufficient to merit FMLA leave.

Furthermore, as a practical matter, Lundy's inability to attend IDS training or engage in public speaking would have operated only to disqualify her from that particular assignment. Lundy does not allege, and her doctors did not opine, that her inability to attend IDS training or make public speeches rendered her unable to perform any of the essential functions of her position as a police officer.

Because Lundy has failed to allege facts sufficient to suggest that she had a serious health condition, or that her condition would have prevented her from performing the essential functions of her job as a police officer, Lundy has failed to allege that she was entitled to leave under the FMLA or to state a *prima facie* claim for violation of the FMLA, and that claim is dismissed.

## IV.     Lundy's Sixth Cause of Action: FMLA Retaliation

In addition to granting substantive rights to leave for eligible employees, the FMLA prohibits employers from interfering with, restraining, or denying the exercise of such rights. 29 U.S.C. §2615(a). To make out a *prima facie* case for retaliation under the FMLA, Lundy must demonstrate that: (1) she availed herself of a protected right under the FMLA; (2) she was adversely affected by an employment decision; and (3) there is a causal connection between this protected activity and the Company's adverse employment action. *See Edwards v. Community Enterprises, Inc.*, 251 F. Supp. 2d 1089, 1003 (D. Conn. 2003).

As discussed above, there is no evidence that Lundy's alleged inability to attend IDS training or engage in public speaking qualifies as a disability for FMLA purposes. Moreover, even if it did, Lundy makes no specific factual allegations demonstrating that she was restrained from requesting or obtaining FMLA leave in September 2004. As such, Lundy's claim for "retaliation" pursuant to the FMLA must be dismissed.

## V.     Defendants' Motion to Strike

Defendants have moved pursuant to Fed. R. Civ. Proc. 12(f) to strike paragraphs 11-35 of Lundy's First Amended Complaint. Defendants contend that many of these allegations fall outside the relevant time period, or are simply vulgar and scandalous statements which add nothing to plaintiff's case, and would unnecessarily expand the scope of discovery beyond the pertinent facts. Plaintiff argues that the information contained in the subject paragraphs is relevant to her claims, and comprises "background information" that will assist the trier of fact in evaluating her claims.

The purpose of Fed. R. Civ. Proc. 12(f) is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.  As a general rule, motions to strike are not favorably viewed, and will be granted only where the subject allegations have no possible relationship to the underlying controversy.  *See M'Baye v. World Boxing Ass'n*, 2007 U.S. Dist. LEXIS 23173 (S.D.N.Y. 2007); *Garlock v. New York Tree Savers, Inc.*, 199 F. Supp. 59 (W.D.N.Y. 1961).  In order to prevail on a motion to strike, the defendant must show that: (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant.  *See Roe v. City of New York*, 151 F. Supp. 2d 495 (S.D.N.Y. 2001).

I find that defendants have failed to show that Lundy's allegations of prior acts of discrimination, while not sufficiently timely to be independently actionable, have "no bearing" on the plaintiff's allegations of subsequent discrimination.  Because the allegations, which include claims of gender-based discrimination and retaliation by members of the Town of Brighton Police Department, are germane to the course of discriminatory conduct that plaintiff describes in her complaint, I conclude that they may constitute relevant background evidence in support of Lundy's timely claim.  *See generally Jute v. Hamilton*, 420 F.3d 166, 176-177 (2d Cir. 2005); *Petrosino v. Bell Atlantic*, 385 F.3d 210, 220 (2d Cir. 2004).  Determination of the ultimate relevance of these issues is best reserved for trial.  *See generally* Fed. R. Evid. 401, 403.  Accordingly, defendant's motion to dismiss paragraphs 11-35 of the First Amended Complaint pursuant to Fed. R. Civ. Proc. 12(f) is denied.

**CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss (Dkt. #6) is granted. Lundy's claims for violation of her First and Fourteenth Amendment rights against the Town are dismissed; her claims for FMLA violation and retaliation are dismissed, and Lundy's claims under Title VII and the ADA are dismissed as against individual defendant Voelkl. Defendants' motion to strike is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 9, 2007.